**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| LUIS ROMAN,<br>No. M12962,<br><br>        **Plaintiff,**<br><br>vs.<br><br>S.A. GODINEZ, et al.<br><br>        **Defendants.** | )<br>)<br>)<br>)<br>)<br>)    Case No. 15-cv-00096-NJR<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

    Plaintiff Luis Roman, an inmate in Pontiac Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights, based on events that occurred while he was housed at Lawrence Correctional Center in 2014. Supplemental claims based on the Illinois constitution are also presented in accordance with 28 U.S.C. § 1367(a).

    This case is now before the Court for a preliminary review of the complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal.– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

    An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Motion to Amend

As a preliminary matter, Plaintiff's motion to amend the complaint to add an additional 61 pages of exhibits (Doc. 7) will be granted. The newly added exhibits will be considered a part of the complaint.

## The Complaint

Unintelligibility and disorganization justify rejecting a complaint. *See Stanard v. Nygren*, 658 F.3d 792, 797-98 (7th Cir. 2011). Plaintiff's complaint is both unintelligible and disorganized.

Exhibits are interspersed amongst the pages of narrative and confuse, rather than clarify, the issues. It is not the responsibility of the Court to comb through the 100 pages of exhibits to fashion more specific claims on Plaintiff's behalf. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

It is clear that Plaintiff wants to present claims regarding an assault, a failure to secure him medical care, a cell search, a retaliatory and false disciplinary report, and the denial of due

process and the equal protection of the laws. However, who allegedly did what to whom is entirely unclear. For example, the narrative vaguely describes Jeffery J. Molenhour as having assaulted Plaintiff (Doc. 1, pp. 8, 10), yet a grievance describes Molenhour as writing a false disciplinary report in order to cover-up an assault by unidentified correctional officers (Doc. 1, p. 26). Also, without a clear description of the principal events, other claims—such as the allegation that Director Godinez failed to implement a policy to protect Plaintiff's rights to due process and equal protection—have no context. The narrative describes in clear detail the actions of many who are not named as defendants, but makes no mention of named defendants Gates and Barton.

The requested remedies are also problematic. In addition to seeking compensatory damages, which are recoverable under Section 1983, Plaintiff asks that his disciplinary record be expunged and his good-time credits restored. Section 1983 cannot be used to upend a disciplinary conviction. There is a clear line of demarcation between civil rights actions regarding conditions of confinement, and habeas corpus petitions regarding the fact or duration of confinement (which would encompass the restoration of good-time credits). *See Heck v. Humphrey*, 512 U.S. 477 (1994); *Edwards v. Balisok*, 520 U.S. 641 (1997).

For all of these reasons, the complaint (Doc. 1) must be dismissed. Dismissal will be without prejudice to an amended Section 1983 complaint, or to a separate and distinct habeas corpus petition.

If Plaintiff elects to file an amended Section 1983 complaint, he should keep in mind that Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief…." As a practical matter, as emphasized by the Supreme Court, a complaint must plead "enough facts to state a claim to relief that is plausible

on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To prevent confusion, any exhibits should follow the narrative of allegations, as opposed to being interspersed amongst the pages of the narrative. Plaintiff should also keep in mind that Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The *respondeat superior* doctrine—liability merely because one is a supervisor—does not apply to Section 1983 actions. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).

## **Motion for Counsel**

Because of the confusing nature of the complaint, and the fact that Plaintiff is being given an opportunity to file an amended Section 1983 complaint, his motion for recruitment of counsel (Doc. 3) warrants immediate consideration.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of

difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff does not indicate that he has made any effort to secure counsel or enlist the assistance of a legal aid organization. His motion fails on that basis alone. Plaintiff's limited (grade school) education, the fact that English is not his primary language, and his departure from Lawrence give the Court pause. However, despite the fact that the complaint failed to state a viable claim, the complaint's shortcomings are of the sort that can be easily cured. Also, the legal principles at issue are of the sort regularly litigated by inmates *pro se*. Therefore, Plaintiff's motion for counsel (Doc. 3) will be denied without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to amend the complaint to add exhibits (Doc. 7) is **GRANTED**. The Clerk of Court is **DIRECTED** to file the additional 61 pages of exhibits, which are deemed to be part of the complaint (Doc. 1).

**IT IS FURTHER ORDERED** that, for the reasons stated, the complaint (Doc. 1) and all Defendants are **DISMISSED without prejudice**. Plaintiff shall remain responsible for the filing fee; his pending motion for leave to proceed *in forma pauperis* (Doc. 2) will be addressed by separate order.

**IT IS FURTHER ORDERED** that on or before **April 10, 2015**, Plaintiff shall file an amended Section 1983 complaint. Failure to file an amended complaint by the prescribed deadline will result in the dismissal of this action *with* prejudice and the assessment of a "strike" for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's motion for recruitment of counsel (Doc. 3) is **DENIED without prejudice**.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 20, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**