IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUIS ROMAN, ) | |
| No. M12962, ) | |
| ) | |
|        Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-00096-NJR |
| ) | |
| S.A. GODINEZ, et al. ) | |
| ) | |
|        Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Luis Roman, an inmate in Pontiac Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights, based on events that occurred while he was housed at Lawrence Correctional Center in 2014. Supplemental claims based on the Illinois constitution and criminal statutes are also presented in keeping with 28 U.S.C. § 1367(a).

Roman's second amended complaint (Doc. 18), and 80 pages of supporting documentation), is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Plaintiff also has filed a motion to "supplement" the second amended complaint to add additional supporting documentation (Doc. 19). The motion (Doc. 19) is **GRANTED**, and the supplemental documentation will be considered as part of the second amended complaint.

On preliminary review, the Court is required to dismiss any portion of the second amended complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). An action or claim is frivolous if "it lacks an arguable basis either

in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Second Amended Complaint

Plaintiff Roman, an inmate housed in the segregation unit at Lawrence Correctional Center, was involved in a verbal and physical altercation with C/O Johnson on October 29, 2014. C/O Johnson was attempting to handcuff Plaintiff through the cell door; in the process, he twisted Plaintiff's arm, and broke his right wrist and two fingers. The assault was reported to C/O Rush and an unidentified nurse, but Plaintiff did not receive medical care. Documentation attached to the complaint indicates that Plaintiff perceives that Rush was retaliating against Plaintiff for filing a grievance the day before (*see* Doc. 18, pp. 49, 51).

In an effort to get medical attention, Plaintiff "was forced to take the chuckhole hostage" and covering the cell window with his jumpsuit (Doc. 18, pp. 10, 41). Not only did Plaintiff not receive medical care, C/O Rush issued him disciplinary tickets. As a result, Plaintiff was demoted to C Grade and placed in segregation for an additional three months (Doc. 18, p. 40).

Plaintiff's cell was subsequently searched by C/O Brown and C/O Winka. They confiscated two trays—C/O Johnson's name had been written on one tray, and "Ha Ha Bitch I f***ed with your tray" was written on the other (Doc. 18, p. 11). During the search, Plaintiff,

who was handcuffed, was pushed as Brown and Winka entered the cell, causing Plaintiff to trip over the bunk and bump his head on the toilet, resulting in Plaintiff coming into contact with urine and feces. Plaintiff reported this incident and, consequently, he received a false disciplinary ticket from Internal Affairs officer C/O Molenhour (Doc. 18, pp. 37-39; *see also* p. 63). At his disciplinary hearing, Plaintiff contended that the disciplinary report was issued in retaliation for having lodged complaints against correctional officers (Doc. 18, p. 34). He also asserts that Molenhour was attempting to protect his colleagues and high school friends (*see* Doc. 18, p. 53). Plaintiff was convicted of the offense, demoted to C Grade, placed in segregation for a year, and he lost one year of good time credit (Doc. 18, pp. 35-36).

C/O Perkins also issued Plaintiff a fabricated disciplinary ticket for "trading and trafficking," in retaliation for Plaintiff reporting him to internal affairs (Doc. 18, pp. 33, 55). Perkins purportedly explained to Plaintiff that because he, Perkins, was part of the Emergency Extraction Team, he would not be disciplined. Perkins also offered a veiled threat about how he would be feeding Plaintiff that evening. Ultimately, Plaintiff was again demoted to C Grade and placed in segregation for 1 month (*see* Doc. 18, p. 31).

The harassment and retaliation continued when C/O Weavier stated that he had a "surprise" for Plaintiff. A half hour later, Weavier, along with Lt. Ray, C/O Downie, C/O Ochs, Lt. McCarthy, C/O Brooks, an unidentified "B of I Sgt," and other unidentified guards, assaulted Plaintiff (*see* Doc. 18, p. 62). Plaintiff was afraid to report this third assault to Lt. Molenhour—presumably due to fear of additional retaliation.

Plaintiff brings suit against 20 named defendants. He seeks nominal, compensatory, and punitive damages. In addition, he wants his prison disciplinary record expunged and lost good time credits restored.

**Discussion**

"[Federal Rule of Civil Procedure] 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). The second amended complaint represents an improvement over the original complaint—the statement of facts (summarized above) is relatively clear and easily understood. Nevertheless, many of the claims asserted involve individuals and events not discussed in the statement of facts, or require multiple cross-references to alternate narratives contained in grievances, letters, reports and other documents. (*Compare*, e.g., Doc. 1, pp. 7-9, *with* Doc. 1, pp. 10-12). Although *pro se* pleadings are construed liberally, the Court (and the defendants) cannot be left to guess what claims Plaintiff intended to assert against which defendants, or to fashion a factual and legal thread to tie the claims together. Consequently, the second amended complaint (Doc. 18) will be dismissed without prejudice.

If Plaintiff elects to file an amended Section 1983 complaint, he should keep in mind that Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief…." As emphasized by the Supreme Court, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). As a practical matter, that means setting forth in a coherent fashion which defendant(s) did what to Plaintiff, and—if Plaintiff elects—how that behavior violated the Constitution.

Although the Court could have confidently parsed a few claims from the second amended complaint, whether Plaintiff viewed the many claims asserted against the 20 defendants as

separate or linked is not clear. Thus, Plaintiff must consider which claims can and should proceed together.

Federal Rule of Civil Procedure 18 generally permits a party to join "as many claims as it has against an opposing party." FED.R.CIV.P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). With that said, Rule 20 permits multiple defendants to be joined in a single action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED.R.CIV.P. 20(a)(2)(A), (B). Furthermore, in *George* the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act ("PLRA"). *Id.* at 607, (citing 28 U.S.C. § 1915(b), (g)). Otherwise, prisoners easily could sidestep the requirements of the PLRA, in particular the provisions regarding filing fees. *See id*.

The requested remedies are also problematic. In addition to seeking monetary damages, which are recoverable under Section 1983, Plaintiff asks that his disciplinary record be expunged and his good time credits restored. Section 1983 cannot be used to upend a disciplinary conviction where good time credits have been taken from an inmate. There is a clear line of demarcation between civil rights actions regarding conditions of confinement, and habeas corpus petitions regarding the fact or duration of confinement (which would encompass the restoration

of good-time credits). *See Heck v. Humphrey*, 512 U.S. 477 (1994); *Edwards v. Balisok*, 520 U.S. 641 (1997).

### Second Motion for Counsel

The second amended complaint contains a motion for appointment of counsel (Doc. 18, pp. 87-93), and Plaintiff has also filed a "Motion to Address Motion for Recruitment of Counsel" (Doc. 21). A previous motion for counsel was denied (*see* Doc. 11, pp. 4-5). However, because Plaintiff is being given a final opportunity to file a viable complaint, his need for counsel will be assessed anew.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff now demonstrates that his efforts to secure representation have failed. He explains that he has only a high school education, and English is not his primary language. (Plaintiff previously indicated he had a grade school education.) He also indicates that he takes an antidepressant and sinus medication. In addition, the Court observes that Plaintiff is no longer housed at Lawrence Correctional Center, where the events at issue occurred.

Despite the fact that the complaint and the second amended complaint have both been dismissed, the second amended complaint's shortcomings are of the sort that can be easily cured. The legal principles at issue are of the sort regularly litigated by inmates *pro se*. The second amended complaint is, generally, well written; therefore, Plaintiff's English language skills and the impact of any medications do not appear to be impediments. Rather, the second amended complaint suffers from organizational problems—the factual narrative and statement of claims have been muddled. Plaintiff's motions for counsel (Docs. 18, 21) will be denied without prejudice. The Court will remain open to the appointment of counsel in the future.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's motion to "supplement" the second amended complaint to add exhibits (Doc. 19) is **GRANTED**. The Clerk of Court is **DIRECTED** to file the additional exhibits, which are deemed to be part of the second amended complaint (Doc. 18).

**IT IS FURTHER ORDERED** that, for the reasons stated, the second amended complaint (Doc. 18) and all Defendants are **DISMISSED without prejudice**. Plaintiff shall remain responsible for the filing fee. Accordingly, Plaintiff's motions for status (Docs. 20, 22) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that on or before **June 19, 2015**, Plaintiff shall file a third amended complaint. Failure to file a third amended complaint by the prescribed deadline will result in the dismissal of this action *with* prejudice and the assessment of a "strike" for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's motions for counsel (Docs. 18, 21) are **DENIED without prejudice**.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 19, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**